On application for rehearing, Dowdy contends that the opinion in this case conflicts with an opinion I wrote in Loeb v.Cappelluzzo, 583 So.2d 1323 (Ala. 1991). Specifically, Dowdy stresses the following sentence from Loeb: "Neither witness had actively practiced in a doctor's office setting since 1975; therefore, neither witness could present expert opinions or testimony." 583 So.2d at 1325.
Dowdy argues that this Court implicitly defined the "same discipline or school of practice" clause in Ala. Code 1975, § 6-5-548(b)(3), in terms of work settings, such as a doctor's office setting, a hospital setting, and an academic setting. Although Loeb can be read implicitly as Dowdy contends, that was not the Court's intent.
In Loeb, this Court concluded that the trial court did not err in refusing to permit two nurses to testify as expert witnesses. Our conclusion was based entirely on the fact that the two had not engaged in the practice of nursing during the year preceding the date of the alleged breach of the standard of care. The "in a doctor's office setting" statement of fact applied to that case, but should not be read as meaning that only those nurses practicing in a doctor's office can testify as experts.
In short, the conclusion in Loeb was based on the fact that the experts there had not engaged in the practice of nursing "during the year preceding the date that the alleged breach of the standard of care occurred." Section6-5-548(b)(3), Ala. Code *Page 1153 
1975. I believe that we correctly construed the "same discipline or school of practice" clause of § 6-5-548(b)(3) on original submission in this case. I do not believe that the holding in this case is inconsistent with the holding inLoeb; therefore, I concur in overruling the application for rehearing.